# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 24, 2015      Decided December 22, 2015

No. 14-5172

FRIENDS OF ANIMALS,
APPELLANT

v.

DAN ASHE, IN HIS OFFICIAL CAPACITY AS DIRECTOR U.S. FISH
& WILDLIFE SERVICE AND SALLY JEWELL, IN HER OFFICIAL
CAPACITY AS SEC. OF THE INTERIOR,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-01607)

———

*Michael Ray Harris* argued the cause for appellant. With him on the briefs was *Jennifer E. Barnes*.

*Thekla Hansen-Young*, Attorney, U.S. Department of Justice, argued the cause for appellees. With her on the brief were *John C. Cruden*, Assistant Attorney General, and *Andrew C. Mergen* and *Matthew Littleton*, Attorneys.

Before: HENDERSON, KAVANAUGH, and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: This case arises under the Endangered Species Act. In 2012, Friends of Animals petitioned the U.S. Fish and Wildlife Service to list certain species of sturgeon as endangered or threatened. Upon the filing of a listing petition, the Service must make an initial determination on the petition within 90 days, to the maximum extent practicable. And then, if that initial determination is positive, the Service must make a final determination regarding the petition within 12 months from the date of the petition filing. The 12-month deadline has no exceptions and, importantly, is measured from the date of the petition filing, not from the date of the Service's initial determination.

In this case, the Service went more than 12 months without making any determinations – initial or final – on Friends of Animals' petition. Understandably frustrated with the Service's inaction, Friends of Animals took the matter to court. But the Endangered Species Act requires a plaintiff to give 60 days' notice to the Service before filing suit. The District Court held that Friends of Animals did not give the Service adequate notice before suing. The District Court therefore dismissed the complaint. We affirm.

I

A

In 1973, Congress passed and President Nixon signed the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* The Act promotes the conservation of endangered and threatened species. *Id.* § 1531(b). Species officially listed as endangered or threatened receive certain statutory protections. *See, e.g., id.* §§ 1536, 1538.

The Act assigns the Secretary of the Interior to make listing decisions. *Id.* § 1533(a). The Secretary of the Interior in turn has delegated a portion of the listing responsibility to the U.S. Fish and Wildlife Service. 50 C.F.R. § 402.01(b). The Service must list a species as endangered or threatened if it determines, "on the basis of the best scientific and commercial data available," that the species is imperiled by certain factors such as disease or habitat destruction. *See* 16 U.S.C. § 1533(b)(1)(A); *id.* § 1533(a)(1).

In addition, the Act requires the Service to evaluate listing petitions submitted by any "interested person." *Id.* § 1533(b)(3)(A). Upon the receipt of such a petition, the Act imposes two sequential duties on the Service, the first mandatory and the second conditional. First, "[t]o the maximum extent practicable, within 90 days after receiving the petition of an interested person . . . the Secretary shall make a finding as to whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted." *Id.* That initial determination may be positive or negative. A negative initial determination must be published and is subject to judicial review, but generates no additional duties on the part of the Service. *See id.* § 1533(b)(3)(A); *id.* § 1533(b)(3)(C)(ii).

A positive initial determination, however, triggers the Service's second duty, the final determination: "Within 12 months after receiving a petition that is found under subparagraph (A) to present substantial information indicating that the petitioned action may be warranted, the Secretary shall make one of the following findings . . . ." *Id.* § 1533(b)(3)(B). The Service's final determination may conclude that the listing petition is warranted, not warranted, or warranted but precluded by pending proposals to list other species. *Id.* § 1533(b)(3)(B)(i)-(iii).

The 12-month deadline for a final determination is a hard deadline calculated from the date of the petition filing, not from the date that the Service issues a positive initial determination. That is true even though the Service's duty to produce a final determination is predicated on a positive initial determination. The 90-day deadline for the initial determination is not so rigid. Instead, the Act grants the Service some flexibility over when to issue initial determinations. *See id.* § 1533(b)(3)(A) (initial determinations must be issued within 90 days "[t]o the maximum extent practicable"). But that flexibility is not unlimited. Rather, the inflexible 12-month deadline for the *final* determination necessarily also places an outer limit on the Service's time for issuing the *initial* determination. *See Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1175-76 (9th Cir. 2002).

Reading the provisions in harmony yields the following scheme: The Service must "to the maximum extent practicable" make an initial determination within 90 days of receiving a listing petition. But even if it is not practicable, the Service *must* make an initial determination within 12 months of receiving the listing petition. The issuance of a positive initial determination triggers the Service's duty to make a final determination. And the Service has 12 months from the date of the petition filing – not from the date of the initial determination – to issue the final determination.

Under the Endangered Species Act, citizens may sue to compel the Service to make determinations within the Act's timeframes. Under the Act's citizen-suit provision, "any person may commence a civil suit on his own behalf . . . against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary." 16

U.S.C. § 1540(g)(1)(C). The Service's duties to make initial and final determinations – once triggered – are nondiscretionary and are therefore enforceable under the citizen-suit provision.

There is, however, one condition to filing suit. The plaintiff must give notice to the Service 60 days before bringing suit: "No action may be commenced under subparagraph (1)(C) of this section prior to sixty days after written notice has been given to the Secretary . . . ." *Id.* § 1540(g)(2)(C). Notice "is a mandatory, not optional, condition precedent for suit." *Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989) (interpreting similar notice provision in the Resource Conservation and Recovery Act); *Southwest Center for Biological Diversity v. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998) (*Hallstrom*'s rationale applies to the Endangered Species Act's notice provision).

B

Friends of Animals is a non-profit organization that seeks to protect animals from cruelty and exploitation. In March 2012, the organization petitioned the Service to list 10 species of sturgeon as endangered or threatened. For more than a year, the Service issued no determinations – initial or final – for any of those species. So on August 16, 2013, Friends of Animals sent the Service written notice that the Service had failed to make initial and final determinations for the 10 species of sturgeon, as well as for 29 species submitted by a different organization between 2010 and 2011. As of the date of the notice letter, the Service had not issued initial or final determinations for any of the 39 species.

Friends of Animals filed suit against the Service on October 21, 2013, more than 60 days after providing notice. Because the Service had already started to issue initial

determinations during the 60-day waiting period, the complaint demanded only that the Service make final determinations for the 39 species.[1]

The Service moved to dismiss the complaint. It argued that Friends of Animals lacked standing and had failed to give proper notice of its suit. The District Court declined to address standing but agreed that the notice was defective because, without positive initial determinations, the Service's obligations to make final determinations had not been triggered at the time that Friends of Animals provided notice to the Service. *Friends of Animals v. Ashe*, 51 F. Supp. 3d 77, 85-88 (D.D.C. 2014). The District Court therefore dismissed the complaint. Friends of Animals promptly appealed. We review de novo the District Court's grant of a motion to dismiss. *Carter v. Washington Metropolitan Area Transit Authority,* 503 F.3d 143, 145 (D.C. Cir. 2007).

II

The notice requirement of the Endangered Species Act serves the important purpose of giving the Service "an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit." *Hallstrom v. Tillamook County*, 493 U.S. 20, 29 (1989) (internal quotation marks omitted). The question here – whether Friends of Animals complied with the notice requirement of the Act – boils down to a very narrow and extraordinarily technical question regarding the timing of notice. Specifically, under the Act, what must a party do to bring suit when the Service sits on a listing petition for more than a year without making either an initial *or* final

---

[1] Starting in September 2013 and continuing through January 2014, the Service gradually issued positive initial determinations for all 39 species.

determination? Friends of Animals urges that, 12 months after filing a listing petition, it may provide a single notice of the Service's failure to make the initial and final determinations. Then, after 60 days, it can bring one consolidated suit to compel both determinations. The Service prefers a stepwise approach: Friends of Animals must first provide notice to the Service about the Service's failure to make an initial determination; then, after 60 days have passed, Friends of Animals may sue to compel the initial determination. If and when the Service issues a positive initial determination, Friends of Animals must provide a new notice to the Service; then, after another 60 days have passed, Friends of Animals may sue again to compel the final determination.

The Service's approach may not be the most efficient. But we agree with the District Court that the statute compels it.

In setting out the Service's duty to make final determinations, the Act states: "Within 12 months after receiving a petition that is found under subparagraph (A) to present substantial information indicating that the petitioned action may be warranted, the Secretary shall make one of the following findings . . . ." 16 U.S.C. § 1533(b)(3)(B). The text makes clear that the Service does not violate its duty to make a final determination unless there has been (i) a positive initial determination and (ii) a lapse of 12 months from the date of the petition filing. Put another way, the Act obligates the Service to make a final determination only if it has previously issued a positive initial determination for the same listing petition.

To state the obvious, the Service cannot violate the duty to make a final determination before that duty has come into

existence. As a result, giving the Service notice of an allegedly overdue final determination before the Service has issued a positive initial determination does not give notice of an *existing* violation of a nondiscretionary duty. Rather, it provides notice only of a possible future violation of a duty that may never arise. Such pre-violation notice conflicts with the text of § 1540(g). Section 1540(g)(2)(C)'s notice requirement applies only to suits alleging "a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary." *Id.* § 1540(g)(1)(C). Therefore, notice to the Secretary under § 1540(g)(2)(C) must be of an alleged failure to perform some nondiscretionary act or duty that exists at the time of the notice.

In this case, Friends of Animals provided 60 days' notice of allegedly overdue final determinations before the Service had issued any positive initial determinations. Because Friends of Animals did not wait until after the issuance of the positive initial determinations to provide 60 days' notice of the allegedly overdue final determinations, its suit seeking to compel the final determinations is barred.[2]

To be clear, the deadlines set forth in § 1533(b) are mandatory. If 12 months have passed from the date of the petition filing and the Service has not made an initial determination, a court ordinarily may order the Service to make an initial determination if requested to do so by a party

---

[2] Because we conclude that Friends of Animals failed to comply with the Act's notice requirement, we need not address the Service's argument that Friends of Animals lacks standing. *See Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 430-35 (2007); *Public Citizen v. U.S. District Court for the District of Columbia*, 486 F.3d 1342, 1345-49 (D.C. Cir. 2007).

with standing, assuming the party has given 60 days' notice to the Service.[3] If 12 months have passed from the date of the petition filing and the Service has made a positive initial determination but not a final determination, a court ordinarily may order the Service to make a final determination, assuming the party has given 60 days' notice to the Service after the positive initial determination was made.

\* \* \*

We affirm the judgment of the District Court.

*So ordered.*

---

[3] A private party of course can sue to try to compel an initial determination even before the expiration of the 12-month period from the date of the petition filing. But to do that, the party must show that the Service failed to make the initial determination "[t]o the maximum extent practicable, within 90 days after receiving the petition." 16 U.S.C. § 1533(b)(3)(A).